Kollock and another vs. The State.

Kollock and another, Plaintiffs in error, vs. The State, |88  663|
                        Defendant in error.                    |104 156|

*October 31 — November 13, 1894.*

*Criminal law and practice: Circumstantial evidence: Instructions to
jury: Admissions by one of two defendants.*

1. When circumstantial evidence is relied upon for conviction in a
   criminal case, each of the several circumstances upon which the
   conclusion of guilt necessarily depends must be proven beyond a
   reasonable doubt, and they must not only point with moral cer-
   tainty to the guilt of the defendant, but must exclude, to a moral
   certainty, every other reasonable hypothesis; and instructions em-
   bodying these principles should be given if requested.
2. An admission of his own guilt by one of two defendants is not evi-
   dence against the other.
3. On a trial for feloniously burning a barn, admissions by defendant
   that he had previously burned the owner's hay and poisoned his
   horses bear upon the question of malice only, and do not tend to
   prove the commission of the crime charged.

ERROR to the Circuit Court for *Portage* County.

Arson. The plaintiffs in error, *Henry Kollock* and *Shep-
ard Kollock*, were convicted of feloniously burning the
barns of one Springer, August 25, 1893, and sentenced to
imprisonment in the state prison, and they have sued out
this writ of error to reverse that judgment.

The plaintiffs in error were neighbors of Springer, liv-
ing about half a mile from him on the same road. For
years there had been ill feeling between the *Kollocks* and
Springer. The barns burned about 1:30 o'clock A. M.
Threshing had been going on in one of the barns during
the forenoon of the day before the fire. There was some
evidence that Springer was smoking in or about the barn
during the threshing, but this was denied by Springer.
Other than this, there was no evidence that there had been
any fire or light about the barn prior to the fire. There

was evidence that both of the *Kollocks* had previously threatened to burn Springer out. There was also evidence by Springer that after the fire he met *Henry Kollock*, and said to him, "You did burn me out, didn't you?" to which *Kollock* answered, "Yes." There was also evidence that four of Springer's horses were poisoned in 1889 by some unknown person, and that in 1887, and again in 1891, a large quantity of his hay was destroyed by fire. This evidence was followed by evidence of witnesses who testified to hearing a conversation between *Henry Kollock* and his brother Nelson Kollock, in 1891, in which Nelson said to *Henry*, referring to Springer, "You are even with him now. You have poisoned his horses and burned his hay,"—to which *Henry* made no denial, but said he would get more than even with him. All of these threats and admissions were denied. There was also evidence given by a hired girl who lived at *Kollocks'* house at the time of the fire, that she was awakened by the light shining in her room, and went to the window, and saw the defendants returning to their house from the direction of Springer's barns, and heard them come into the house. This was also denied. The foregoing is substantially all of the evidence on the trial which tended to inculpate the defendants.

The cause was submitted for the plaintiffs in error on the brief of *Cate, Jones & Sanborn*, and for the defendant in error on the brief of *Byron B. Park*, district attorney, and that of the *Attorney General* and *J. M. Clancey*, Assistant Attorney General.

WINSLOW, J. In this case the state relied for conviction almost entirely upon circumstantial evidence. As to the defendant *Henry* there was, in addition to the circumstantial evidence, some proof of an admission of the fact, but as to *Shepard Kollock* the evidence was exclusively circumstantial. There are two legal principles applicable to

such evidence, which are very well established: First, that each of the several circumstances upon which the conclusion of guilt necessarily depends must be proven beyond a reasonable doubt; and, second, that they must not only point with moral certainty to the guilt of the defendant, but must exclude, to a moral certainty, every other reasonable hypothesis. *Comm. v. Webster,* 5 Cush. 295, 52 Am. Dec. 711, and cases cited in note; 3 Rice, Ev. §§ 346–348. Instructions embodying these principles were requested on behalf of the defendants, and refused. Nor was the substance of either of them given. Upon the subject of circumstantial evidence, the court instructed the jury as follows: " Circumstantial evidence tending to establish the guilt of the accused is always competent, and is to be considered by the jury in connection with all the evidence, and given such weight and effect as the jury believe it should receive, in view of all the facts as established to their satisfaction by all the evidence, and no more. Crimes that are perpetrated in secret and under cover of darkness are frequently, perhaps usually, of necessity proven, if at all, in whole or in part from circumstances that tend, when construed in connection with each other or with other established facts, to establish the guilt of the accused. So far as proof of guilt necessarily depends upon proof of circumstances tending to establish guilt, the rule of law is that to warrant a verdict of guilty the jury should be satisfied that such circumstances proven must, when given a reasonable construction, point with a moral certainty to the guilt of the accused; that they must, construed together and construed in connection with the facts *established by other or positive evidence,* if any there be, be consistent with the guilt of the accused and inconsistent with his innocence. This rule, so far as it is applicable to the evidence in the present case, should be remembered and observed; but you are cautioned that it does not follow

from this rule that every circumstance proven by the state in a particular case must necessarily point to the defendant's guilt, because circumstances may be proven to have transpired which have no necessary connection with others, nor with the guilt or innocence of any particular person. But the substance and effect of the rule is, so far as applicable to the case before you, that upon the whole evidence in the case, whether direct and positive, or circumstantial only, or both, you must be convinced of the defendants' guilt beyond a reasonable doubt, in order to justify a verdict of guilty; and, if not satisfied that your verdict should be guilty, a verdict of not guilty must necessarily follow."

It will readily be seen that the two legal principles before cited were not given to the jury, either in substance or effect. As before observed, the evidence against *Shepard Kollock* was purely circumstantial, so that there can be no doubt of the application of these principles to his case. As to *Henry Kollock*, there was proof of an admission by him in addition to the circumstantial evidence. This admission was strenuously denied, and in case the jury disbelieved that it was ever made, as they might reasonably do, then the case against him also was purely circumstantial, and he also should have the benefit of the proper instructions on the subject of circumstantial evidence.

Other questions are raised, but are not deemed necessary to be decided. We deem it proper, however, to say that the charge seems to treat the alleged admission of *Henry* as evidence against both defendants. It is, of course, only evidence against *Henry*. And, as to the alleged admission of previously burning Springer's hay and poisoning his horses, they manifestly only bear upon the question of *Henry's* malice, and do not tend to prove the commission of the crime charged. These limitations should be given to the jury upon another trial.

*By the Court.*— Judgment reversed, and cause remanded

for a new trial. The warden of the state prison will surrender the plaintiffs in error to the sheriff of Portage county, who will hold them in custody until they shall be discharged by due course of law.