State of Iowa, Appellee; v. John Clark, Appellant.

**Criminal law:** LARCENY: CIRCUMSTANTIAL EVIDENCE: INSTRUCTIONS. Where the State relies wholly upon circumstantial evidence to convict of the crime of larceny, the court should instruct the jury as to the degree of proof required to establish the essential circumstances. And this rule is not obviated by the fact that the principal circumstance relied on was the unexplained recent possession of the stolen property, even though the court instructed that such fact must be proved beyond reasonable doubt, as the fact of possession, in the instant case, was supported wholly by circumstantial evidence.

**Same:** IDENTIFICATION OF STOLEN PROPERTY. In a prosecution for the larceny of cattle it is not essential that all the lost cattle be identified as belonging to the prosecuting witness, either by direct or circumstantial evidence.

**Same:** POSSESSION OF RECENTLY STOLEN PROPERTY: INSTRUCTION. While an instruction that the unexplained possession of recently stolen property is sufficient to raise a presumption of defendant's guilt is a somewhat inaccurate statement of the rule and liable to be misunderstood, still as it has been frequently announced by the appellate court in substantially that form it will not be treated as grounds for reversal; especially where the court, as in this case, in a subsequent instruction told the jury correctly, that if such unexplained possession was proven beyond a reasonable doubt they would be justified in presuming that the same was a guilty possession on the part of defendant.

**Same:** PRODUCTION OF ADDITIONAL WITNESSES: NOTICE. A defendant in a criminal action is entitled under the statute to at least four days' notice before the trial of the intention of the State to produce witnesses who were not before the grand jury, and in computing the length of notice the day of service is to be excluded and the last day included; and an intervening Sunday is to be counted as one of the four days.

*Appeal from Jefferson District Court.*—Hon. M. A. Roberts, Judge.

Wednesday, October 27, 1909.

REHEARING DENIED TUESDAY, FEBRUARY 15, 1910.

INDICTMENT for grand larceny. Verdict and judgment of guilty. Defendant appeals.—*Reversed.*

*Rollin J. Wilson* and *Leggett & McKemey*, for appellant.

*H. W. Byers*, Attorney-General, and *C. W. Lyons*, Assistant Attorney-General, for the State.

EVANS, C. J.—The defendant and Charles Clark, his brother, were indicted for the alleged larceny of sixteen head of cattle. Fourteen of these cattle were the property of one Allen, and two of them were the property of one Walker. These cattle disappeared from the pastures of their owners on Sunday night, June 2, 1907. The theory of the state is that these cattle were taken by the defendants on Sunday night, and driven to Libertyville, twelve and one-half miles distant, and shipped to Chicago on Monday morning. The defendants were seen on the Sunday night, driving in the direction of this pasture with a team and buggy. A number of witnesses testified that late on Sunday night they separately met, on the road between the pasture and Libertyville, two men driving about this number of cattle in the general direction of Libertyville, and that one of the men was on foot, and the other was in a buggy driving a team. The testimony of these several witnesses related to different points in the route, and at different hours in the night. The last witness fixed the time at about twelve-thirty o'clock. The cattle were then being driven into the city limits of Libertyville. On Monday morning the defendant had sixteen cattle in the stockyards at Libertyville, for which he had already engaged a car, and which he shipped to Chicago in the morning. He had come to the hotel at Liberty-

ville at one o'clock in the morning. He was somewhat splashed with dirt, and said that he had walked in. There was evidence tending to identify by description some of the cattle in the stockyards on Monday morning, but there was no direct and positive identification of any of the cattle as being those of Allen or Walker. This is only a partial statement of the evidence, but it is sufficient to indicate its general nature and the theory of the prosecution. The contention of the state is that it proved that the cattle were stolen, and that it traced the same into the possession of the defendant, and that such possession, unexplained, was sufficient to warrant a verdict of guilty. It is urged on behalf of defendant that the state wholly failed to make a case, and that we ought to reverse the judgment for insufficiency of the evidence. Various other complaints are made, the chief of which is that the trial court failed to instruct the jury as fully as it ought on the subject of circumstantial evidence. This latter complaint will receive our first consideration.

I. As already indicated, the evidence offered by the state as tending to connect the defendant with the *corpus delicti* was wholly circumstantial. Counsel for defendant asked the court to give to the jury a general instruction on the subject of circumstantial evidence, and that it should instruct them that every fact necessary to a conviction

1. CRIMINAL LAW: larceny: circumstantial evidence: instructions.

must be proved beyond a reasonable doubt. With such request counsel presented a formulated instruction, which the court refused. In *State v. Blydenburg,* 135 Iowa, 278, the following was held as a proper instruction in such a case: "To warrant a conviction on circumstantial evidence each fact in the chain of circumstances necessary to be established to prove the guilt of the accused must be proven by competent evidence beyond a reasonable doubt, and all the facts and circumstances necessary to prove guilt must be connected with each other, and with the main fact sought

to be proved, and all the circumstances, taken together, must be of a conclusive nature, leading to a satisfactory conclusion, and producing a moral certainty that the crime charged was committed, and that the accused committed it. It is not sufficient that they coincide with and render probable the guilt of the accused, but they must exclude every other reasonable hypothesis." We have considered much whether the instructions actually given by the court were not a fair compliance with this rule. The court did instruct that it was incumbent on the state to prove beyond reasonable doubt that the cattle, or some of them, were stolen. It also instructed that it was incumbent upon the state to prove, beyond reasonable doubt, defendant's possession of the stolen property. It also defined what was meant by circumstantial evidence, and that the circumstances proved must be inconsistent with any other rational conclusion than the guilt of the defendant. But it did not otherwise state the degree of proof required to establish the essential circumstances. The argument for the state is that the principal circumstance upon which it relied was the possession, unexplained, of recently stolen property, and that the court instructed that such fact must be proved beyond reasonable doubt. The trouble with this position is that the fact of such possession is itself established, if at all, by circumstantial evidence, and the rule contended for would apply to such evidence. We are constrained to hold, therefore, that the court ought to have given an instruction substantially in the form, above set forth, as was held in *State v. Blydenburg, supra.* The instruction asked by the defendant was not in strict accordance with the rule as thus approved, and the court was justified in refusing such instruction in the form in which it was presented. But we think that the departure was not so great as to justify the court in ignoring the rule altogether. We think, therefore, that the trial court erred at this point, and that a new trial must be awarded.

II. Inasmuch as a new trial must be awarded on the ground above indicated, and other evidence may be adduced upon such new trial, we deem it proper to avoid a discussion of the evidence except in a very brief way. It is argued by defendant that nothing short of a positive and direct identification of the cattle in defendant's possession as those of the prosecuting witness would permit a conviction. From the very nature of the case such an identification is impossible. We would be slow, however, to hold that identification and possession may not be proved by circumstantial evidence provided the circumstances are sufficiently definite and convincing. We know no rule of law that would bar the application of circumstantial evidence to such a fact. Of course it is not essential that all the lost cattle be identified, either by direct or circumstantial evidence. The circumstances shown in the evidence are substantial and significant as far as they go. But whether they go far enough to warrant a finding by the jury that they exclude every other reasonable hypothesis except that of guilt is a close question, upon which we withhold judgment at the present time.

*2. SAME: identification of stolen property.*

III. In instruction No. 9 the court instructed the jury that the unexplained possession of recently stolen property "is sufficient to raise a presumption of defendant's guilt." The defendant complains of this instruction on the general ground that a presumption of innocence obtains in his favor at all stages of the trial, and that under no circumstances could there be a presumption of guilt. The language used by the trial court was drawn from our own reports, where the rule has been frequently announced in substantially this form. We have heretofore criticised this language as inaccurate, and as liable to be misunderstood. But we would not be justified in basing reversal upon it. *State v. Brady,* 121 Iowa, 561. There

*3. SAME: possession of recently stolen property: instructions.*

is the further consideration in this case that in instruction No. 10 the court applied the rule to this case in its proper meaning, and instructed the jury that if such unexplained possession was proved beyond reasonable doubt, "you would be justified under the law in presuming that such possession was a guilty possession on the part of the defendant." We think this correct, concrete application of the rule was sufficient to prevent any misunderstanding of the abstract statement of it.

IV. On Thursday afternoon, November 28th, the state served upon the defendant a notice of additional witnesses. The trial commenced on Monday morning, December 2d. One witness was introduced in pursuance of such notice. The defendant objected, on the ground that he had not had the four days' notice provided for by stattute. The argument is that the statute intended to give to the defendant four full days for the consideration of proposed additional testimony, and that in this case Sunday and Monday should be eliminated from the count. This question cannot arise again so far as these witnesses are concerned, and we might decline to consider it for that reason. It has, however, been fully argued, and it may arise again as to other additional witnesses in this same case. We, therefore, deem it best to pass upon it. We think the argument of the defendant unduly enlarges the statute, and the purpose of the Legislature, in his behalf. That any notice at all of additional witnesses should be required is a matter of legislative grace. No constitutional right is involved therein. The provision of the statute is that such notice must be given at least four days before the day of trial. How these four days are to be counted is expressly pointed out in paragraph 23, section 48, of the Code. This provides that the first day shall be excluded and the last day included. Under this rule the service of the notice was in time. Monday must

4. SAME: production of additional witnesses: notice.

be counted thereunder as the fourth day. The intervening Sunday can not be excluded. If Sunday were the fourth day, a different question would be presented.

For the error pointed out in the second division hereof, the judgment below must be reversed.—*Reversed* and *remanded.*