Note.—Reported in 207 N. W. 543. See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 679(2), 4 C. J. Sec. 2303; (2) Pleading, Key-No. 111, 31 Cyc. 186, Appeal and error, 4 C. J. Sec. 2903; (3) Appeal and error, Key-No. 1151(2), 4 C. J. Sec. 3170; (4) Homestead, Key-No. 117, 29 C. J. Secs. 259, 311; (5) Homestead, Key-No. 117, 29 C. J. Sec. 285; (6) Vendor and purchaser, Key-Nos. 239(4), 337, 39 Cyc. 1777, 2036; (7) Vendor and purchaser, Key-No. 337, 39 Cyc. 2036.

Power of legislature to take away husband's right to convey or encumber homestead property, see note in 36 L. R. A. (N. S.) 1029.

On effect of conveyance of homestead by husband to wife, see note in 69 L. R. A. 379.

---

STATE, Respondent, v. TRUDELL, Appellant.

(207 N. W. 465.)

File No. 5885.   Opinion filed March 5, 1926.)

1. **Criminal Law—Instructions—Burden of Proof—Instruction That, if Accused Did Not Take Automobile, Verdict Should Be Not Guilty, Was Error, as Placing Burden of Proof on Him.**

   In trial for larceny of automobile, instruction that, if jury found accused did not take the automobile, their verdict should be not guilty, was prejudicial error, as it placed the burden of proof on the accused.

2. **Larceny—Instructions—Where Evidence Was Circumstanial, Refusal to Instruct That Each Circumstance Must Be Proven Beyond Reasonable Doubt, and Together They Must Exclude Every Reasonable Hypothesis of Innocense, Was Error.**

In trial for larceny of an automobile, where the evidence was solely circumstantial, it was error to refuse to instruct jury that every circumstance necessary to proof of guilt must be established beyond reasonable doubt, and be connected with each other and main fact sought to be proved, and all produce a moral certainty of guilt and exclude every reasonable hypothesis of innocence.

Appeal from Circuit Court, Charles Mix County; Hon. R. B. Tripp, Judge.

John Trudell was convicted of the larceny of an automobile, and he appeals. Reversed.

*F. B. Morgan,* of Wagner, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Brief Attorney, of Pierre, for the State.

.(1) To point one of the opinion, Appellant cited. State v. Blydenburg (Ia.), 112 N. W. 639; State v. Clark (Ia.), 122 N. W. 967; Wollock v. State (Wis.), 60 N. W. 817; State v. Coleman (S. D.), 98 N. W. 175; Carlton v. People, 150 Ill. 181, 41 Am. St. Rep, 346; Manna v. State (Wis.), 192 N. W. 160; O'Connor v. State (Neb.), 195 N. W. 125.

POLLEY, J. Appellant was convicted of the larceny of an automobile and appeals to this court.

The case is submitted to this court in three propositions: (1) Error in giving certain instructions; (2) error in refusing certain requested instructions; and (3) insufficiency of the evidence to suport the verdict.

[1] The instruction complained of is as follows:

"Now, gentlemen, if you find from the evidence in this case that this young man did not take that car that night from Wagner down to Springfield, of course your verdict should be not guilty."

It is contended by appellant that this instruction placed upon appellant the burden of proving his innocence. This instruction is not only erroneous, but it was prejudicial to appellant. It is true that the court undertook to qualify the instruction complained of, though it is doubtful if the qualifying clause tended to mitigate the damage done by the portion of the instruction above quoted. The closing portion of the instruction reads as follows:

"If you find from the evidence beyond a reasonable doubt that Dr. Hirsch is the owner of that car that was standing there

on the side street in Wagner that night of October last, and this young man went and took it with the intention of stealing it (that is, of depriving the owner, Dr. Hirsch, of his property), and when he got down to Springfield found he could not get across the river and went and left the car finally out in the park, and did not deprive this man of his property, he would be guilty of larceny under this law, if you find that his original intention was to steal the car, although he may have had a change of heart afterwards."

In commenting upon an instruction in almost the language complained of in this case, the Supreme Court of Nebraska say:

"This instruction is objectionable in several particulars: 'First, if the jury believe the defendant not guilty, they should acquit; second, if they believe he did not shoot and kill the decedent, they should acquit him; third, if the evidence is evenly balanced, they should acquit; fourth, if they cannot tell whether defendant or some other person committed the crime, they should acquit; fifth, if they have any reasonable doubt of his guilt, they should acquit. We know of no rule of law that requires the jury to believe the defendant not guilty.' "

We believe the instruction in this case was prejudicial to the rights of appellant.

[2]   All of the evidence in this case tending to connect appellant with the larceny of the car was circumstantial, and he requested the court to give the following instruction:

"The court further instructs you that, to warrant a conviction on circumstantial evidence, each fact in the chain of circumstances necessary to be established to prove the guilt of the accused must be proven by competent evidence beyond a reasonable doubt, and all the facts and circumstances necessary to prove guilt must be connected with each other and with the main fact sought to be proven, and all the circumstances taken together must produce a moral certainty that the crime charged was committed and that the accussed committeed it. It is not sufficient that they coincide with and render probable the guilt of accused, but they must exclude every other reasonable hypothesis of innocence."

There was no instruction governing this phase of the case given by the court, and the refusal of the requested instruction

was error. State v. Coleman, 98 N. W. 175, 17 S. D. 594. In Kollock v. State, 60 N. W. 817, 88 Wis. 663, it is said:

"There are two legal principles applicable to such evidence, which are very well established: First, that each of the several circumstances upon which the conclusion of guilt necessarily depends must be proven beyond a reasonable doubt; and, second, that they must not only point with moral certainty to the guilt of the defendant, but must exclude, to a moral certainty, every other reasonable hypothesis."

See, also, State v. Blydenburg, 112 N. W. 634, 135 Iowa, 264, 14 Ann. Cas. 443; State v. Clark, 122 N. W. 957, 145 Iowa, 731.

Upon the question of the sufficiency of the evidence, we are of the opinion that, while it is wholly circumstantial, if submitted under proper instructions and believed by the jury it is sufficient to support the verdict.

The judgment appealed from is reversed.

Note.—Reported in 207 N. W. 465. See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 778(5), 16 C. J. Sec. 2394, 17 C. J. Sec. 3688; (2) Criminal law, Key-No. 789(18), 16 C. J. Secs.2434, 2435.