STATE OF IOWA, Appellee, v. LEONARD DE KONING, Appellant.

No. 43621.

JUNE 15, 1937.

McCoy & McCoy, H. S. Life, and George B. Baker, for appellant.

John H. Mitchell, Attorney General, Buell McCash, Spec. Asst. Attorney General, Ralph H. Goeldner, County Attorney, and R. J. Shaw, for appellee.

SAGER, J.—The sheep which defendant is accused of stealing were kept by the prosecuting witness Noller at a distance said to be some 17 to 20 miles from the home of the defendant. Defendant was a dealer in livestock of all kinds and attended sales in various towns and on farms in local territory for a number of years prior to his arrest. The sheep which were kept by the owner in a pasture adjacent to his farm, were observed the last time on Wednesday, November 13, 1935; and between that date and Saturday, November 16, they disappeared. On the morning of the last-named date Noller made an examination and discovered that a gate leading to the pasture had been unwired and clips which supported barbed wire above woven wire cut. The matter being reported to the sheriff of Keokuk county, the latter with three others proceeded to Albia, at which place a public sale had been held on November 16, 1935. At this sale defendant had put up 18 sheep. These, it was found, were bought by one Besco, a farmer residing west of Albia. Following this clue the sheriff and others went to the Besco farm, where the prosecuting witness Noller recognized 8 sheep as belonging to him, giving as his reason for such identification certain characteristics of and marks on the sheep. Following the trip to the Besco farm, the sheriff took Brotherson and Gross to the same farm, where they identified the sheep as ones which had been purchased from them by Noller. The sheep so identified, daubed with green paint, a method of identification not previously employed by Noller or the former owners thereof, were the same ones as purchased at the sale at Albia, and which sheep had been brought there by the defendant in a truck driven by him and owned by one De Kraai, the latter being a roomer at the house where the defendant stayed. The defendant admitted having used green paint on the sheep, explaining that he used it to identify certain animals from his flock as the ones he wished to sell. His testimony, on the whole, is far from satisfactory. It appears without conflict that the defendant was paid for the sheep sold for him at the Albia sale.

From these and other facts in the record the jury found the defendant guilty.

On this appeal defendant makes a number of complaints, all of which we have considered and found meriting no attention, except those to be presently considered.

While the complaints of the defendant to the instructions are numerous, a reading of the instructions as a whole persuades us that the court not only was fair to the defendant but gave him more than he was entitled to ask for. The only criticisms offered which seem to call for examination have to do with instructions Nos. 9 and 11, and since instruction No. 10 is important to be considered in connection with them, we quote all three:

"No. 9.   Evidence is said to be either direct or circumstantial.   Guilt or innocence may be established by one or the other, alone, or by the two combined.

"Direct evidence is the evidence of witnesses to the fact or facts in issue of which they have knowledge by means of their senses, without inference or argument.

"Circumstantial evidence is that which tends to establish the fact or facts in issue by the proof of collateral facts from which it may be reasonably and logically deduced that the ultimate fact, which is thus sought to be established, exists.   Circumstantial evidence is the proof of such facts and circumstances as, connected with and surrounding the commission of the alleged crime tend to show the guilt or innocence of the party charged; and if these facts and circumstances are sufficient to satisfy the minds of the jurors of the guilt of the defendant, beyond a reasonable doubt, then the evidence is sufficient to authorize the jury to find and return a verdict of guilty.

"In order however to warrant a conviction upon circumstantial evidence, alone, the facts proven must not only be consistent with the guilt of the accused, but they must also be inconsistent with any rational theory of his innocence.

"Circumstantial evidence is just as legal and just as effective as any other evidence provided the circumstances are of such character and force as to satisfy the minds of the jurors of the defendant's guilt beyond a reasonable doubt.

"No. 10.   You are further instructed that to warrant a conviction on circumstantial evidence each fact in the chain of circumstances necessary to be established to prove the guilt of

the accused, must be proven by competent evidence beyond a reasonable doubt; and all the facts and circumstances necessary to prove guilt must be connected with each other, and with the main fact sought to be proved; and all the circumstances, taken together must be of a conclusive nature, leading to a satisfactory conclusion, and producing moral certainty that the crime charged was committed, and that the accused committed it. It is not sufficient that they coincide with and render probable the guilt of the accused; but they must exclude every other reasonable hypothesis; and each circumstance essential to the conclusion of the defendant's guilt should be fully established in the same manner, and to the same extent, as if the whole issue rested upon it.

"You are instructed that if the circumstances relied upon by the State for conviction are susceptible of two constructions, the one consistent with the guilt of the defendant, and the other with his innocence, then you should accept the latter, and acquit the defendant.

"No. 11. You are instructed that the fact, if you find it to be a fact, that the sheep, or some of them, as described in the information, were stolen from the premises of Glen Noller, and were soon thereafter found in the possession of the defendant, if so shown, may be considered by you as a circumstance tending to show that the defendant is the party who took the sheep, unless such possession has been explained. And the fact, if you find it to be a fact, that soon after the sheep were stolen, if you have found that they were stolen, that they, or some of them were found in the possession of the defendant, and such possession has been unexplained, if this fact with the other facts and circumstances convinces you beyond a reasonable doubt that the defendant stole the sheep, then you would be warranted in convicting the defendant."

Defendant objects to instruction No. 9 because, as he says, it gave the jury an erroneous idea of how the jury should consider the testimony, this objection being based on the assumption that the case turns entirely on evidence he claims to have been "circumstantial."

The objection to instruction No. 11 is stated in a number of different ways, and on different propositions, among which it is urged that under it the jury could have found defendant guilty

of receiving stolen property; that it permitted conviction without the degree of proof requisite in criminal cases; that it incorrectly applied rules with reference to the recent possession of stolen property; and, by inference, that the jury were not told that if there was any reasonable doubt in their minds from the facts and circumstances shown (with reference to the alleged possession) they should acquit.

It would unduly extend this opinion to state and analyze each and all of the objections made by defendant in the terms stated; but their substance is comprehended in the general idea that instructions Nos. 9 and 11 deprived him of a fair trial, this on the principles announced in State v. Brazzell, 168 Iowa 480, 150 N. W. 683, and others of similar import.

■■■ We have so recently examined the question before us and expressed, per Donegan, Justice, the rules applicable as we conceive them to be in cases of this kind, that we content ourselves with quoting from State v. Ferguson, 222 Iowa 1148, at page 1153, 270 N. W. 874, 878:

"It is the contention of the appellant that the matters covered in the instruction requested were not submitted to the jury in the instruction given by the court, and that they were such as should have been given to the jury in connection with its consideration of circumstantial evidence. In support of this contention appellant cites State v. Blydenburg, 135 Iowa 264, 112 N. W. 634, 14 Ann. Cas. 443; State v. Clark, 145 Iowa 731, 122 N. W. 957; State v. Brazzell, 168 Iowa 480, 150 N. W. 683. Other cases were also cited which, in our opinion, do not go to the proposition here raised. In the Blydenburg case an instruction very similar to the instruction requested in this case was refused, but this court found that the law as contained in the requested instruction had been substantially given in the court's instruction. The language used in that opinion indicates that particular stress was placed upon the fact that the instruction requested was proper in that case because all the evidence in the case was circumstantial. In the Clark case a general instruction was asked on the subject of circumstantial evidence, to the effect that every fact necessary to a conviction must be proved beyond a reasonable doubt. In that case, likewise, all of the evidence was circumstantial, including the evidence on the unexplained possession of recently stolen property, and, because of the im-

portance of this circumstance, this court said that the jury should have been instructed that such fact must be proved beyond reasonable doubt, and that the instruction requested should have been given. In the Brazzell case the evidence was likewise entirely circumstantial and the court gave a general instruction covering both direct and circumstantial evidence, but refused to give an instruction that, where a conviction is sought on circumstantial evidence, each circumstance necessary to a conclusion of guilt must be fully and fairly proven, and that, if there was a reasonable doubt as to the evidence being sufficient to prove such circumstances, the verdict should be, not guilty. The court's instruction was held erroneous because it did not distinctly inform the jury that the guilt of the accused depended exclusively upon circumstantial evidence, and because, under such instruction, the jury might well have confused direct testimony of a mere collateral fact or circumstance with direct evidence of appellant's guilt.

"In the instant case, however, the evidence was not exclusively circumstantial."

It will be noted that this quotation is so apt that, if the contrary were not known to be the fact, it might well be assumed to have been written in the case before us.

An examination of instruction No. 10 shows that it goes even to the extent of saying that to warrant a conviction "each fact" in the chain of circumstances must be proven beyond reasonable doubt, thus in the view of the state, requiring it to prove that every fact and circumstance upon which it relied for conviction must carry with it the weight of proof required on the whole case. As already indicated, we regard the instructions as a whole eminently fair, and, while the court might, perhaps, have included in its instructions some of the matters defendant insists should have been contained therein, he made no request to that end and may not now be heard to complain.

On the whole record we are satisfied that the result reached was fully justified by the evidence; and finding no error in the action of the trial court, its judgment should be and is, affirmed.—Affirmed.

RICHARDS, C. J., and ANDERSON, DONEGAN, PARSONS, KINTZINGER, HAMILTON, and STIGER, JJ., concur.