### BOATRIGHT v. UNITED STATES.
### FOREMAN v. SAME.
### Nos. 11336, 11337.

Circuit Court of Appeals, Eighth Circuit.
Aug. 3, 1939.

Harry L. Thomas, of Kansas City, Mo. (Inghram D. Hook, of Kansas City, Mo., on the brief), for appellants.

Richard K. Phelps, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

GARDNER, Circuit Judge.

Appellants, who will be referred to herein as defendants, were indicted under Section 338, Title 18 U.S.C.A., in an indictment containing three counts, charging them with devising a scheme to defraud and for obtaining money by means of false promises, pretenses, and representations, and with the use of the United States mails in the furtherance of such scheme and device. The sufficiency of the indictment was not challenged. Defendants were convicted on all three counts, and seek reversal for alleged errors in the court's charge to the jury.

In setting out and describing the scheme alleged to have been devised by the defendants, the indictment seems to mingle with the description of the alleged scheme allegations of evidentiary matters. The scheme to defraud, while not the gist of the offense, should, of course, be set out with sufficient particularity and definiteness to advise defendants as to the particulars thereof. In this indictment there is such a mingling of allegations descriptive of the scheme with those of the alleged acts done, including allegations of mere breach of contract, that it is extremely difficult to spell out from the commingled allegations a definite description of the alleged scheme. While the sufficiency of the indictment is not before us, we think the blending of these various characters of averments has doubtless made it difficult for the trial court to make a clear and succinct statement of the essential ingredients of the offense charged. The testimony was comparatively brief, comprising about 115

pages, yet on this brief record we find that the court's charge comprises some 40 pages.

It is contended by the appellants that: (1) The court, in reviewing the evidence, over-emphasized, repeated and reiterated matters of evidence favorable only to the Government, and ignored and omitted any reference to the evidence favorable to the defendants; (2) the instructions warranted a verdict of guilty without finding the necessary constituents and elements of the offense charged; (3) the court placed upon the defendants the burden of establishing their innocence; (4) the instructions warrant the jury in finding the defendants guilty regardless of the use of the United States mails; (5) the court in its instructions improperly defined reasonable doubt and took from the defendants the right to be acquitted if the jury entertained such a doubt.

We have studied the entire charge to the jury with some care. In a criminal case in the Federal court, the trial judge has the power to superintend and direct the trial, to review the evidence, and to advise on the facts, but this power must not be abused. If the testimony is summed up or analyzed, care must be taken to sum up and analyze both sides, and the judge must not become an advocate. It is doubtless difficult at times to visualize the line between fairness and unfairness and between legitimate comment and advocacy. In this case, the court undertook to review what was designated as uncontroverted facts. In doing so, no mention whatever was made of any evidence favorable to the contention of the defendants, although there was such evidence in the record, and at least some of it stood uncontradicted. The charge is replete with repetitions and reiterations of evidence favorable to the Government, with no reference to any evidence favorable to the defendants. In the course of the charge the court, among other things, said: "Now, then, having thus explained what I mean by a scheme, let's examine the testimony in this case and ascertain whether or not there might be deduced from the testimony an intent to defraud from the facts in the case." Then follows an argument for the apparent purpose of demonstrating that the testimony established a guilty intent on behalf of the defendants.

Again, the court said: "You have a right to inquire whether or not immediately upon the receipt of this telegram, the defendant, A. J. Boatright, having charge of Department A, as he testified, of the Standard Brass Manufacturing Company, whether it was within the realm of logic, whether it would have been proper for him immediately to have presented the check of $925.00, being made payable to the Standard Brass Manufacturing Company, and called the attention of Mr. Normandie to the fact that an order had been received for 100 machines. The evidence was that that was not done."

Again, the court said: "Another letter written on June the 22nd, was postmarked from Chicago, and was dated June the 22nd. Now, mind you, the defendant Boatright had said to these parties, if their statements are to be believed, that his partner—things had gone bad because he was ill."

These quotations are simply given by way of illustration. The charge impresses us as being argumentative throughout. In fact, we can conceive of no more effective argument for the Government than that which characterizes the charge in this case. The judge narrated material and important facts testified to by Government witnesses and wove them into an argument that was clearly prejudicial. This, we think, requires a reversal in this case. Cook v. United States, 8 Cir., 18 F.2d 50; Stokes v. United States, 8 Cir., 264 F. 18; Cline v. United States, 8 Cir., 20 F.2d 494; Hurwitz v. United States, 8 Cir., 299 F. 449; Weare v. United States, 8 Cir., 1 F.2d 617; Rudd v. United States, 8 Cir., 173 F. 912; Minner v. United States, 10 Cir., 57 F.2d 506, 513.

In the recent case of Minner v. United States, supra, in an opinion by Judge Phillips, it is said: "Finally, counsel for Minner maintain that the court erred in that portion of its general charge wherein he commented on the facts. The trial judge undertook to sum up and comment on the evidence. He narrated the important facts testified to by witnesses for the government but he wholly failed to sum up the evidence in behalf of Minner. His comments were in the nature of an argument to the jury rather than a fair and dispassionate statement of what the evidence showed and a tempered expression of his opinion as to the facts. In doing so, he assumed the role of an advocate rather than an impartial judge. That this was error is established by repeated decisions."

The trial judge should state the facts not only with accuracy but with fairness, referring both to that which is favorable to the defendant and that which is unfavorable to him. An argument even though based upon the testimony is quite out of place in the court's charge to a jury in a criminal case.

On the question of reasonable doubt, the court, among other things, said: "If, after all is said and done, there should arise in this case a reasonable doubt as to the guilt of the defendants, or either of them, it would be your duty to give them, or him, the benefit of such a doubt, and acquit him or them *as the doubt might justify or warrant you in doing.*"

Just what is meant by the limitation "as the doubt might justify or warrant you in doing," is not clear, and we think the defendants were entitled to an instruction on reasonable doubt without such limitation.

The court also charged the jury as follows: "On the other hand, if you should find and believe from the evidence in this case that these defendants did not devise an artifice or scheme to defraud; that they did not make false and fraudulent representations or pretenses; that if such were made there was no intention on their part to defraud, and no intention on their part to obtain money or property by means of the representations made, then it would be your duty to find either one or both of them not guilty, according to what you believe, or either one of them, according to what you believe, if they were without fraudulent intent."

The defendants complain that this shifted to them the burden of proving their innocence. It was, of course, incumbent upon the Government to prove every essential element of the offense charged. Unless the Government thus established the guilt of the defendants beyond a reasonable doubt, they were entitled to an acquittal. But this instruction placed upon the defendants the burden of convincing the jury that they did not devise a scheme, that they did not make false representations, that they did not intend to defraud, that they did not intend to obtain money by false pretenses. The instruction, we think, was erroneous. Drossos v. United States, 8 Cir., 2 F.2d 538; State v. Trudell, 49 S.D. 532, 207 N.W. 465; Minner v. United States, supra.

Complaint is made that under the instructions of the court, the jury might have found defendants guilty regardless of the use of the mails. The particular instruction complained of in this regard is as follows: "All of these facts and circumstances, if these representations were false and if they yield an intent on the part of these men to defraud, and if there was a scheme to defraud, and if there was one false representation, not all the false representations alleged, but one false representation as alleged in the indictment, then, gentlemen, if such fact and fraudulent representations were made with an intent to defraud, then you have the elements of the crime."

The use of the mails in the execution of the alleged scheme to defraud or obtain money by false pretenses was the gist of the offense charged in this indictment. No conviction could properly be had without proof that the mails had been used in the execution of the scheme.

Other errors are alleged, but in view of the conclusions which we have reached it is unnecessary to consider them.

The judgments appealed from are reversed and the cause is remanded with instructions to grant a new trial.