STATE OF IOWA, Appellee, v. JOHN PANTHER, Appellant.

No. 45716.

OCTOBER 14, 1941.

John M. Rankin, Attorney General, Jens Grothe, Assistant

Attorney General, Hubert H. Schultz, County Attorney, and L. O. Lampman, Assistant Prosecuting Attorney, for appellee.

Wilbur S. Williams, for appellant.

GARFIELD, J.—Defendant, John Panther, was indicted by the grand jury of O'Brien county for the crime of sodomy committed upon the person of a boy named Don Baker. Pursuant to his application based upon prejudice against him in O'Brien county, trial was had in Lyon county. A jury found defendant guilty and he was sentenced to the penitentiary. He has appealed.

 The first contention made in appellant's brief is that Don Baker and his companion, Bernard Elsbury, upon whom the evidence shows a like offense was committed by appellant, were accomplices whose testimony must have been corroborated because of the provisions of section 13901, Code, 1939. The trial court refused an instruction requested by appellant to the effect that these two boys were accomplices and that their testimony must be corroborated.

The testimony shows that the Baker boy was ten and the Elsbury boy eleven years old. As the boys were leaving the public library in the town of Sutherland, they were accosted by appellant and induced to enter his automobile. Appellant drove into a lane leading into a cornfield a short distance in the country from Sutherland. After the car was hidden from view by the corn (the crime was committed on August 13, 1940) each boy was commanded to submit to the offense.

Aside from the tender years of these two boys, the evidence wholly fails to show such cooperation, aid or assistance on the part of either in the commission of the offense as would make him an accomplice. We hold, however, that these boys, by reason of their respective ages of ten and eleven, were legally incapable of becoming accomplices to the crime charged. One cannot be an accomplice without consenting to the crime and a boy of such tender years is presumed to be incapable of legal consent. In State v. Yates, 181 Iowa 539, 164 N. W. 798, we held that a seven-year-old boy was legally incapable of becoming an accomplice to the crime of sodomy. At page 544 of 181 Iowa, page 800 of 164 N. W., we refer with approval to the case of

Mascolo v. Montesanto, 61 Conn. 50, 23 A. 714, 29 Am. St. Rep. 170, and observe: "The court held that a minor twelve years of age cannot consent to the act of sodomy on his person, and if he submits to it without resistance, the act is still done by force." See also Kelly v. People, 192 Ill. 119, 61 N. E. 425, 85 Am. St. Rep. 323, and Means v. State, 125 Wis. 650, 104 N. W. 815, both sodomy cases from which we quote with approval in State v. Yates, supra. Authorities that are somewhat analogous are incest cases holding that a girl under the age of consent is incapable of being an accomplice to the act. State v. Pelser, 182 Iowa 1, 13, 163 N. W. 600; State v. Sparks, 167 Iowa 746, 750, 149 N. W. 871.

Appellant argues that the trial court erred in its Instruction 11, dealing with the subject of circumstantial evidence. In the challenged instruction the court correctly defined direct and circumstantial evidence and added that circumstantial evidence is sufficient to authorize a verdict of guilty if the facts and circumstances are such as to satisfy the minds of the jury of guilt beyond a reasonable doubt. It is contended this instruction is erroneous in that in order to convict on circumstantial evidence, each and every circumstance must be consistent with all other circumstances shown, and all must point strongly to the guilt of the defendant and must be inconsistent with any other reasonable hypothesis than that of guilt. Appellant requested no instruction on the subject.

Much of the evidence upon the trial was direct testimony given by the two boys. Admissions of guilt by appellant were also testified to. The record discloses two matters of circumstantial evidence. The mother of the Baker boy testified to a mark upon his person which was discovered soon after the act complained of. Then the sheriff testified to automobile tire marks and three sets of footprints, one of which was large and the other two were small, in the cornfield where the boys testified the offense was committed.

Instruction 11 in the case at bar is almost identical with Instruction 9 in State v. De Koning, 223 Iowa 951, 274 N. W. 25, quoted at page 953 of 223 Iowa (pages 26 and 27 of 274 N. W.), except that the trial court properly omitted the fourth paragraph dealing with a case where the evidence is wholly

circumstantial. We approved the instruction in the De Koning case. Appellant's complaint is that the instruction given does not embody substantially the matters stated in Instruction 10 in the De Koning case, quoted at pages 953 and 954 of 223 Iowa (page 27 of 274 N. W.). The requested instruction quoted in State v. Ferguson, 222 Iowa 1148, 1155, 270 N. W. 874, 879, also contains substantially the language for which appellant contends. We held in the Ferguson case that the request was properly refused and that the language contended for by appellant here need not be contained in the instruction on circumstantial evidence where the evidence of guilt is both direct and circumstantial as it is in this case. Such language is necessary only when the evidence is wholly circumstantial.

Appellant also argues that Instruction 11 is misleading in that from it the jury would believe they could convict upon evidence which raised a mere suspicion of guilt. This complaint is based on the thought that inferentially the jury would believe from the instruction there was sufficient circumstantial evidence to justify a conviction when, in truth, it was wholly insufficient, without the direct evidence. The trial court probably should have omitted from the instruction the statement as to when a verdict of guilty can be returned on circumstantial evidence. In the De Koning case, 223 Iowa 951, 274 N. W. 25, from which this instruction appears to have been taken, the evidence was largely, if not wholly, circumstantial; at least, the circumstantial evidence was sufficient to justify a conviction. However, we are not disposed to hold that Instruction 11 constitutes reversible error in the respect urged.

The language in the instruction of which complaint is made is merely a correct abstract statement of law which the trial court did not purport to apply to this particular case. We think the jury could not have been misled by the instruction into believing that there was circumstantial evidence in this case which in itself was sufficient to warrant conviction.

The foregoing covers the matters argued by appellant. We have examined the entire record and find no reversible error.—Affirmed.

All JUSTICES concur.