STATE, Appellant, vs. BRADLEY and another, Respondents.

*April 9—May 4, 1954.*

For the appellant there was a brief by the *Attorney General* and *William J. McCauley,* district attorney of Milwaukee county, and *Joseph E. Tierney,* deputy district attorney, and oral argument by *Mr. Tierney.*

For the respondents there was oral argument by *Maxon W. Polland* of Milwaukee.

GEHL, J.   A safe was taken from the premises of O. K. Glass Company and found in Ozaukee county. It had been battered open with a sledge hammer. During the night of December 11, 1952, the chief of police of East Troy received complaint of the suspicious actions of an automobile. Accompanied by two deputy sheriffs he followed the car, a blue Pontiac. While the occupants were attempting to escape from the officers a maul was thrown out of the car. The defendants, occupants of the Pontiac, were detained for going through a stop sign. In their car were found a four-pound sledge hammer, gloves, a flashlight, a pair of blue tweed trousers, a blue jacket, and a brown jacket. The Pontiac and the articles found in it were taken to the state crime laboratory and examined by a Mr. Halligan, an expert. The safe and the clothing worn by the two defendants on the night of the arrest were also examined by him.

Halligan testified that he had examined the safe and made a microscopic examination of the component parts of the insulation and paint upon its door. He compared these fragments with those found upon the clothing worn by defendants on the night of the burglary and the other articles taken from the Pontiac car. He found that the fragments taken from these articles were identical with those taken from the safe. He testified several times that the fragments taken from defendants' possession "could have come from the safe door." Several times he was asked to state whether the fragments found on the clothing and other articles came from the firewall material. In reply he would go no further than to repeat that they could have.

The state concedes that neither of the defendants was seen in or about the premises of the O. K. Glass Company before or during the burglary. It contends, however, that other circumstances were proved which the court should have considered in making its finding: That there had been a series of burglaries performed in the same manner, that is,

a breaking and entering, a removal of a safe from the premises, and a battering of the door of each of the safes. One of these burglaries was committed early in the morning of December 8th at the premises of Dunn & Kegel and a patrolman saw three colored men standing behind a truck near the premises, two of whom resembled defendants Turner and Bradley and the third of whom was identified as a friend of theirs.

The state also contends that the court should have considered the testimony to the effect that the defendant Turner on November 21st, the day after the burglary, made payments aggregating $170 upon an account which he owed for the purchase of a Pontiac automobile.

It is obvious that the state relied for conviction entirely upon circumstantial evidence. To convict upon circumstantial evidence, the circumstances "must not only point with moral certainty to the guilt of the defendant, but must exclude, to a moral certainty, every other reasonable hypothesis." *Kollock v. State,* 88 Wis. 663, 665, 60 N. W. 817. We agree with the learned trial judge that the evidence does not point with moral certainty to the guilt of the defendants.

The state cites as authority for its contention *State v. Phillips,* 262 Wis. 303, 55 N. W. (2d) 384. In that case the defendant and two others were charged with burglary upon the premises of the International Harvester Company. Material adhering to the clothing worn by him and his associates was examined after the burglary and was found to contain globules of fused steel, fragments of paint and insulating material, identical in composition and color with the materials of which the Harvester vault, which the burglars had entered, had been constructed. A judgment of conviction was affirmed. A much stronger case for conviction was presented, however, than appears here. There were additional facts and circumstances pointing to the guilt of defendant

and his associates. Police officers had observed three men, whom they recognized as the defendants, cruising around the Harvester Company's plant for about three hours, making four circuits of the plant; near the vault the officers found tracks of rubber-soled shoes the pattern of which was the same as those of a pair owned by one of the three men; on the morning after the burglary the officers found a hat and shirt in the home of Phillips which they had seen him wearing when they were following him. The court, in affirming the conviction quoted from the trial court's memorandum (p. 306):

" . . . the presence of the defendants Samuel Salvatore DiMaggio and John Franklin Phillips at the scene of the crime while it was being perpetrated and their participation therein is uncontrovertible. It is absolute."

Manifestly there was in the *Phillips Case* much more which pointed to defendants' guilt than is shown in the instant case.

The learned trial judge, in disposing of the motion to dismiss, after referring to the testimony of Mr. Halligan to the effect that he could go no further than to say that the material which he had examined could have come from the safe of the O. K. Glass Company and after pointing out the difference between the facts in this and the *Phillips Case,* concluded that guilt had not been proved beyond a reasonable doubt.

We agree with the trial court that the business of the defendants may at some time or other have been illicit and that the circumstances point in the direction of their having engaged in some safe burglary, but that it could not be found beyond a reasonable doubt that they had participated in the burglary at the premises of the O. K. Glass Company on November 20, 1952.

*By the Court.*—Order affirmed.