**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jose Medardo ALVERO, Defendant-Appellant.**

**No. 72-2294.**

United States Court of Appeals, Fifth Circuit.

Dec. 29, 1972.

---

Donald I. Bierman, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., P. D. Aiken, Asst. U. S. Atty., Miami, Fla., Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Richard B. Buhrman, Attys., Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before RIVES, THORNBERRY and GOLDBERG, Circuit Judges.

THORNBERRY, Circuit Judge:

Appellant Jose Alvero was convicted after a jury trial of one count of concealing assets with intent to evade and defeat collection of marijuana taxes in violation of IRC § 7206(4), 26 U.S.C.A. § 7206(4), and of one count of knowingly making a false written statement to agents of the Internal Revenue Service in violation of IRC § 7206(1), 26 U.S.C.A. § 7206(1). On appeal he urges five grounds for reversal: (1) the jury instructions were confusing, misleading, and erroneous; (2) appellant was denied his right to trial by jury because one of the jurors below was incompetent; (3) the government was improperly permitted to impeach its own witness and to argue the truth of statements admitted for the limited purpose of impeachment; (4) admission into evidence of certain statements made by appellant during a criminal tax investigation was error because appellant was not given *Miranda* warnings prior to the investigatory interview, and (5) no conviction for concealing assets can be based upon marijuana taxes allegedly due because Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed. 2d 57 (1969) voided the marijuana tax. We reverse and remand for a new trial on the first issue raised by appellant and do not reach the other asserted trial errors.

We predicate our reversal on an erroneous instruction on reasonable doubt. The reasonable doubt instruction included the following passage:

"It is not a speculative doubt, but any substantial reasonable doubt, com-

mon, ordinary horsesense doubt. It is one that remains after all the evidence is in that would cause a reasonable person to entertain a reasonable and proper doubt; a very substantial doubt, let me put it that way, of the guilt of the defendant. Then, of course, you must find him not guilty."

Both sides objected to the use of the phrase "very substantial doubt," and the trial judge gave further instructions intended to cure the error. At no time, however, did he retract the objectionable phrase. Viewing this phrase in the context of the whole charge, Baker v. United States, 5th Cir. 1969, 412 F.2d 1069, cert. denied 396 U.S. 1018, 90 S.Ct. 583, 24 L.Ed.2d 509 we find that the "very substantial doubt" instruction overstated the degree of uncertainty required for reasonable doubt. *Accord,* United States v. Byrd, 2d Cir. 1965, 352 F.2d 570; Boatright v. United States, 8th Cir. 1939, 105 F.2d 737, 740. Further, we are not confident that the curative instructions set the matter aright in the jurors' minds and conclude, therefore, that the error requires reversal. *See* Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); United States v. Cumberland, 3d Cir. 1952, 200 F.2d 609.

If appellant were to prevail on his fifth asserted ground for reversal, a new trial would not be permissible on the indictment count for hiding assets to defeat collection of the marijuana tax; a comment on this ground is therefore appropriate. We do not agree with appellant's contention that Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) held collection of the marijuana tax unconstitutional or relieved taxpayers against whom it was properly assessed of the duty to pay it. *Leary* dealt, in a Fifth Amendment context, with a taxpayer's failure to supply incriminating evidence about himself by filing marijuana tax returns. The Fifth Amendment problem does not arise in this case, since appellant was neither asked to supply information about himself relating to marijuana possession nor prosecuted for failing to do so. The government had independent knowledge of facts which indicated the tax was due and assessed it. *Leary* did not hold the tax itself unconstitutional, and, if it was properly assessed, appellant had a duty to pay it. *See also* United States v. Sanchez, 340 U.S. 42, 71 S.Ct. 108, 95 L.Ed. 47 (1950).

The judgment is reversed and the case remanded for a new trial.

Reversed and remanded.