Jo Rae VASILINDA, Plaintiff-
Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 71–1802.

United States Court of Appeals,
Fifth Circuit.

Nov. 12, 1973.

R. W. (Bill) Glenn, Douglas H. Parks, Dallas, Tex., for plaintiff-appellant.

Frank McCowan, U. S. Atty., Kenneth J. Mighell, Asst. U. S. Atty., Dallas, Tex., Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Gilbert E. Andrews, Jr., Thomas L. Stapleton, Gary R. Allen, Attys., Scott P. Crampton, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

The plaintiff-appellant, Jo Rae Vasilinda, brought this suit to enjoin the collection of a $300 excise tax assessed against her as a tax on the transfer of marijuana. She contends that the payment of the tax would abridge her privilege against self-incrimination. The district court dismissed the complaint, holding that the collection of the tax would not violate the fifth amendment, and that the injunction suit was barred by the Tax Injunction Act, 26 U.S.C. § 7421(a) (1970). We affirm.

In a line of recent cases beginning with Marchetti v. United States, 1968, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed. 2d 889, and Grosso v. United States, 1968, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906, the Supreme Court has confronted the self-incrimination questions posed by provisions of the federal tax laws imposing taxes on illegal exchanges or on income from illegal activities. In those

cases, the Court has made clear that Congress may not, pursuant to a taxing scheme, impose filing requirements that force individuals to submit potentially incriminating information to government officials. All of the cases were criminal prosecutions, and in each case the Court held that the fifth amendment privilege constitutes a complete defense against criminal prosecutions either for failure to file potentially incriminating information, or for nonpayment of the tax in question. In Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, the Court reached this result in the context of the provisions of the Marijuana Tax Act, 26 U.S.C. §§ 4741–4753 (1964),[1] in question in this suit.

■ At the same time, however, the Court has made it abundantly clear that the power of the Government to impose taxes on illegal activities is unquestioned. See *Marchetti*, 390 U.S. at 44, 58, 88 S.Ct. 697. It has held that, although a *criminal* prosecution for failure to file or for nonpayment is barred, the Government may recover the taxes due for illegal activities in a *civil* suit. United States v. United States Coin & Currency, 1971, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434. We have applied this view in two of our recent cases, one where we sat en banc, Lucia v. United States, 5 Cir. 1973, 474 F.2d 565, and the other involving the very marijuana transfer tax this suit involves. United States v. Alvero, 5 Cir. 1972, 470 F.2d 981.

■■ In light of these holdings, the district court was clearly correct in concluding that the Government could constitutionally collect the $300 excise tax. The appellant's sole contention is that when she pays the tax, there will be created a risk of self-incrimination. This contention has no merit when the Government is not demanding *information* from the taxpayer, but instead has assessed the tax on the basis of information gathered on its own. The record discloses that this is a case where "appellant was neither asked to supply information about [her]self relating to marijuana possession nor prosecuted for failing to do so." Instead it was a case where "[t]he government had independent knowledge of facts which indicated the tax was due and assessed it". Alvero, 5 Cir. 1972, 470 F.2d 983.[2]

Affirmed.

---

1. This Act is no longer in force. It was repealed by § 1101(b)(3) of the Comprehensive Drug Abuse Prevention and Control Act of 1970, P.L. 91–513, 84 Stat. 1236.

2. The district court was also correct in ruling that the Tax Injunction Act barred this suit. That provision bars suits to restrain the assessment or collection of a tax; there is a narrow judicially created exception for cases where it is certain "that under no circumstances could the Government ultimately prevail". Enochs v. Williams Packing Co., 1962, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292. Obviously, the plaintiff's case here does not fit within that exception.