UNITED STATES of America,
Plaintiff-Appellee,

v.

Leonard A. BREEDLOVE and Eugene Harding Smith, Jr.,
Defendants-Appellants.

No. 77-5778
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 5, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

58

Donald R. Cooley, Springfield, Mo., for defendants-appellants.

Robert E. Hauberg, U. S. Atty., Daniel Lynn, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

Leonard Breedlove and Eugene Smith were found guilty by a jury on two counts for transporting stolen automobiles in interstate commerce in violation of 18 U.S.C.A. § 2312. After receiving concurrent three-year sentences on each count, they appeal. We affirm.

■ The appellants first attack the District Court's instruction on the reasonable doubt standard. Specifically, they object to the instruction that "reasonable doubt means actual, substantial, real doubt," and that the jury was to decide guilt on "strong probabilities." It is true, as appellants contend, that we have reversed a conviction in a situation where "substantial doubt" was equated with reasonable doubt, *United States v. Alvero*, 5 Cir., 1972, 470 F.2d 981. However, *Alvero* requires that the part of the instruction challenged has to be viewed in the context of the entire charge. *Id.* at 983. The charge, read as a whole,[1] was not prejudicial and did not, as appellants argue, overstate the degree of uncertainty required for reasonable doubt. *United States*

---

1. These defendants, Leonard A. Breedlove and Eugene Harding Smith, Jr., are both presumed by law to be innocent. The law presumes both of these defendants to be innocent of the crime charged in these two counts of this indictment. Thus a defendant, although accused, begins the trial with a clean slate with no evidence against them. The law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt from all the evidence and testimony in the case.

A reasonable doubt is a fair doubt based upon reason and common sense and arising from the state of the evidence. It is rarely possible to prove anything to an absolute certainty. Proof beyond a reasonable doubt is established if the evidence is such as you would be willing to rely and act upon in the most important of your own affairs.

A defendant is not to be convicted on mere suspicion or conjecture. A reasonable doubt may arise not only from the evidence produced but from any lack of evidence since the burden is upon the prosecution to prove the accused guilty beyond a reasonable doubt of every essential element of the crime charged. A defendant has the right to rely upon any

*v. Musgrave*, 5 Cir., 1973, 483 F.2d 327, 335; *United States v. Hill*, 5 Cir., 1974, 496 F.2d 201, 203.

■■ The second issue raised involves a written question sent to the Court by the jury, which the Judge answered in writing without notifying defense counsel.[2] In *Rogers v. United States*, 1975, 422 U.S. 35, 38, 95 S.Ct. 2091, 2094, 45 L.Ed.2d 1, the Supreme Court stated the rule which governs such incidents:

> In *Fillippon v. Albion Vein Slate Co.*, 250 U.S. 76 [39 S.Ct. 435, 63 L.Ed. 853]

(1919), the Court observed "that the orderly conduct of a trial by jury, essential to the proper protection of the right to be heard, entitles the parties who attend for the purpose to be present in person or by counsel at all proceedings from the time the jury is impaneled until it is discharged after rendering the verdict."

However, the *Rogers* opinion clearly indicated that in some circumstances, violations of Rule 43, F.R.Crim.P.[3] may be harmless error. 422 U.S. at 40, 95 S.Ct. 2091. This is such a case.

---

failure of the prosecution to establish such proof. A defendant may also rely upon evidence brought out on cross examination of witnesses for the prosecution. The law does not impose upon any defendant the duty of producing any evidence. A reasonable doubt exists in any case when after careful and impartial consideration of all the evidence the jurors do not feel convinced to a moral certainty that a defendant is guilty of the charge.

This phrase "reasonable doubt" has been a problem for the courts throughout the years. No court has ever undertaken to sharply define the term because it almost defies definition. In one case the court said, "I will not undertake to define a reasonable doubt other than to say that a reasonable doubt is not an unreasonable doubt." That is to say, by a reasonable doubt you are not to understand that all doubt is to be excluded. It is impossible in the determination of these cases to be absolutely certain. You are required to decide the question submitted to you upon the strong probabilities of the case and the probabilities must be so strong as not to exclude all doubt or possibility of error but must exclude reasonable doubt.

It is the law that reasonable doubt means an actual, substantial, real doubt arising from the evidence or absence of sufficiently satisfying evidence to satisfy your minds to a moral certainty. A reasonable doubt is not a mere possible doubt, a speculative or conjectural or fanciful doubt. If you have only that sort of a doubt of the defendant's guilt then you should convict him. If, on the other hand, you do have a real, actual, substantial doubt of his guilt that would be a reasonable doubt then it would be your duty to acquit them in this case.

In trying this case you should not hunt for doubts with a view of finding some excuse or justification for your verdict. Nor should you indulge in such doubts as are merely conjectural. But the doubts which ought to make you pause and hesitate to act must be reasonable doubts and they must arise out of the evidence or from any want of evidence in the case. You are not required by law to absolutely know that the defendants are guilty of the crime with which they're charged beyond every reasonable doubt before you can convict them. And you should not hesitate to find that they are guilty because you are able to say outside of the evidence that they might have been innocent. But after considering all of the evidence in the case if you believe from the evidence beyond a reasonable doubt that they are guilty you should discharge your duty under your oath and under the law and say so by your verdict.

On the other hand, if the evidence, including the testimony and all circumstances and reasonable inferences which may be drawn therefrom, fails to show that the defendants are guilty beyond every reasonable doubt and to a moral certainty, then you should acquit them.

Tr. 291–94.

2. The jury's note read:

Does the wording of the Indictment of transporting a stolen vehicle from Missouri to Mississippi mean that we have to be sure that the defendants knew of the movement from Mo. to Miss. or could it be the knowledge and movement of said vehicle from one State (namely La.) to Miss.

The Judge's written response read:

No—defendants did not have to *know* that. The question is as to what you *believe* beyond a reasonable doubt as to the facts that defendants knew.

3. Rule 43 reads in pertinent part:

(a) **Presence Required.** The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of

Appellants contend they were prejudiced, but they have not stated in what manner. They have not challenged the accuracy of the District Court's answer, nor could they. The Government did not have to prove that the defendants .knew the cars moved in interstate commerce once it is shown that the defendants knew the cars were stolen. *Gurleski v. United States*, 5 Cir., 1968, 405 F.2d 253, 269. We by no means approve this unjustified jury-court communication without notifying defense counsel. But when the Judge's answer to the jury's inquiry was distinctly responsive to the question, it clearly stated the law, and no prejudice is shown, the error is harmless. *United States v. McDuffie*, 5 Cir., 1976, 542 F.2d 236, 241.

 Third, appellants protest the failure of the District Court to allow defense counsel to make an opening statement at the end of the government's case which counsel had, with the Court's permission, reserved after the government completed its opening statement. We do not sanction the unnecessarily harsh manner in which the opening was denied,[4] but in light of all the circumstances, we believe the Court's action amounted to harmless error.

The Government had called nine witnesses. After denying counsel permission to make the reserved opening, the defense called only one witness, the appellant Breedlove, whose direct testimony comprised only 21 pages. The purpose of an opening statement is to tell the jury what the case is about and to outline the proof. By this time, the jury knew what the case was all about and Breedlove's testimony was not complicated. Moreover, closing arguments were made the next day which gave defense counsel the opportunity to say whatever he pleased in terms of outlining proof or otherwise. Had appellants been denied the right to make an opening prior to the government's case, or if the defense had been long or complicated, we might be faced with a different situation. However, this incident clearly involved a misunderstanding between out-of-state counsel and the Court, and while unfortunate, it did not amount to prejudicial error.

AFFIRMED.

sentence, except as otherwise provided by this rule.

No exception is provided for the communication challenged here.

4. BY MR. COOLEY:

May it please the Court, I would make my statement now if that's all right.

BY THE COURT:

All right.

BY MR. COOLEY:

Ladies and Gentlemen of the Jury, I will be very brief as—

BY THE COURT:

Wait a minute. You're going to make that statement that I afforded you an opportunity to make when they made their statement?

BY MR. COOLEY:

I reserved it until this time.

BY THE COURT:

Well, you don't have any such opportunity in this Court. You've just got one chance and you didn't avail yourself of it so you don't have it. It's denied to you. So call your witness.

BY MR. COOLEY:

For the record I object, Your Honor.

BY THE COURT:

You see, we don't allow lawyers to come down here from some other state and tell us how to run this Court. I've been running this court for over sixteen years and I'm going to keep on running it for sixteen more years, and I'm not going to ask somebody up in your state, whatever that is, how to run this court.

BY MR. COOLEY:

I wouldn't presume on telling the Court how to run itself. I just—

BY THE COURT:

Well, Counsel, you're probably not familiar with the practice here and I can understand how a foreign lawyer wouldn't understand, but we don't have that kind of practice. When I asked counsel to make their statements to the Court, that's to both of you, and you understood that, but you said you wanted to reserve it. Well, I didn't know what you wanted to reserve it for, but I know now what you had in mind. But I don't afford you that. I don't afford you the right to make a statement except at the time the government makes its statement. That's all there is to it.

Tr. 238–40.