**Doyle NATIONS and Marie Nations,
Plaintiffs-Appellees,**

v.

**SUN OIL COMPANY (DELAWARE) and
Sun Production Company,
Defendants-Appellants.**

No. 82–4041.

United States Court of Appeals,
Fifth Circuit.

Jan. 20, 1983.

934

D. Gary Sutherland, Hattiesburg, Miss., for defendants-appellants.

C.R. McRae, Pascagoula, Miss., Alfred Lee Felder, McComb, Miss., for plaintiffs-appellees.

Before CLARK, Chief Judge, RUBIN and WILLIAMS, Circuit Judges.

CLARK, Chief Judge:

Doyle Nations is the last of three employees of Mississippi Welding Service to sue Sun Oil Company as a result of an explosion at an oil well site. He is also the only survivor of the trio. A jury awarded verdicts of $500,000 to Nations and $150,000 to his wife Marie. Sun Oil appeals the consequent judgments on a number of grounds, but most importantly because of a supervening decision of the Mississippi Supreme Court. This decision requires that the district court's judgments must be vacated and the action remanded to permit a proper determination of whether the status of Nations' employer made him a statutory employee of Sun Oil.

I. The Facts of the Case

Doyle Nations, Miller Howell, and Leon Falcone went to the G.L. Dean No. 1 well site on March 3, 1977 to work on a tank battery. Mississippi Welding, their employer, was under contract with Sun Oil to perform general maintenance and repair work at the well site. On March 3, the men were constructing a vent line for the tank battery. The afternoon weather was miserable as a rain storm moved across southern Mississippi. The workers were said to have heard the rumble of thunder prior to the explosion which rocked the well site. One 210-barrel tank exploded killing Howell and Falcone. Nations was set ablaze. He crawled into a slush pit on the site to extinguish the fire. Nations suffered second and third degree burns to 10% of his body and was later diagnosed to have suffered a shoulder injury, loss of hearing in his left ear and a permanent, but partial, psychiatric disability.

The estates of Howell and Falcone brought wrongful death suits against Sun Oil. Sun Oil filed a third party complaint against Mississippi Welding alleging that the negligence of Mississippi Welding's employees was the sole proximate cause of the explosion. The jury found that Mississippi Welding was not negligent and placed all liability upon Sun Oil. The jury granted money damages to both estates.

Doyle Nations' negligence suit against Sun Oil was tried separately and subsequently. His attorneys sought and the judge granted a partial summary judgment on the issue of liability. The judge ap-

proved the offensive use of collateral estoppel holding that Sun Oil was bound by the jury's findings in the earlier case. The case went to trial on damages alone.

## II. Change in the Law

 After filing its appellants' and reply briefs in this appeal, it came to the attention of Sun Oil that the Mississippi Supreme Court in *Doubleday v. Boyd Construction Co.,* 418 So.2d 823 (Miss.1982), had recently altered Mississippi's workmen's compensation law granting immunity from tort suits for contractors that require their subcontractors to carry workmen's compensation insurance. Sun Oil submitted that case to this court as a supplemental authority under Fed.R.App.P. Rule 28(j). Because this court must apply the law current at the time of its decision, the *Doubleday* decision binds this court. *Concerned Citizens of Vicksburg v. Sills,* 567 F.2d 646, 649–50 n. 5 (5th Cir.1978); *United States v. Scardino,* 414 F.2d 925, 927 (5th Cir.1969).

*Doubleday* construes the statute granting immunity from tort suit to a general contractor that requires its subcontractors to provide workmen's compensation benefits. Despite Sun Oil's failure to raise a statutory employer defense in its motion for judgment notwithstanding the verdict or in its appellate briefs, it did raise this defense as an alternative affirmative defense in its answer to the complaint. It did not urge the issue again until after briefing was complete. The assertion of *Doubleday* as a supplemental authority prior to the argument of this case, however, provided Nations the opportunity to discuss *Doubleday* in a response it later filed. The question was fully argued before this court. The appellee was not misled and the issue was fully explored in supplemental briefs and at oral argument. The court will consider the issue.

## III. *Doubleday* and the Statutory Employer

The workmen's compensation law of Mississippi provides that "in the case of an employer who is a subcontractor, the con-

tractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor, unless the subcontractor has secured such payment." Miss.Code Ann. § 71–3–7. If the subcontractor has not secured such payment, then the statute considers the contractor to be the employer of the subcontractor's employees. The contractor is made liable for the payment of workmen's compensation benefits, and is accordingly made immune from tort action brought by the employee of the subcontractor. *Mills v. Barrett,* 213 Miss. 171, 56 So.2d 485 (1952). The contractor becomes immune because workmen's compensation is an employee's exclusive remedy against his employer. Miss.Code Ann. § 71–3–9.

 Where the subcontractor has fewer than the number of employees required by the statute to be liable for workmen's compensation payments to the employee, the Supreme Court still will hold the general contractor liable for workmen's compensation payments and again recognize that he has immunity from tort suit brought by an employee of the exempt subcontractor. *Jackson v. Fly,* 215 Miss. 303, 60 So.2d 782 (1952); *Mills v. Barrett, supra.*

A third possible situation is where the subcontractor qualifies as an employer under the Act. Once denoted an employer, the subcontractor is liable for workmen's compensation payments but receives immunity from tort suits brought by employees. Miss.Code Ann. § 71–3–9. However, the employee receiving workmen's compensation benefits, is only barred from bringing suit against his employer and the employer's insurance carrier. He still has the right to "sue any other party at law." Miss.Code Ann. § 71–3–71.

The question presented here is: if the employee is covered by workmen's compensation benefits from the subcontractor, is the general or prime contractor a "third party" against whom a tort action may be brought?

In *Doubleday,* the Mississippi Supreme Court held the general or prime contractor

that requires its subcontractors to protect their employees by providing workmen's compensation coverage is immune from suit.

It would be paradoxical, however, in our opinion, to hold as the appellant entreats that a general contractor risk personal injury judgments in common law suits if he complies with the statute by contractually securing compensation insurance by his subcontractor, but if he lets work to subcontractors who do not comply with the Act, then his liability is limited to the sums provided by the Act. We do not think the legislature intended such an improbable result.

418 So.2d at 826. The Court agreed with the Florida Supreme Court's interpretation of its differently worded workmen's compensation statute. "It is our opinion the legislature did not intend to subject a general contractor to common law liability if he complied with § 71–3–7 by requiring the subcontractor to have Workmen's Compensation insurance." *Id.* The *Doubleday* court concluded that the situation presented was identical to *Mosley v. Jones,* 224 Miss. 725, 80 So.2d 819 (1955). Mosley protected himself from common law tort liability by procuring workmen's compensation insurance for the employees of his subcontractor. Boyd, the general contractor in *Doubleday,* accomplished the same end by contractually requiring Ratliff, the subcontractor, to secure a policy of insurance on its employees. Therefore, the court held, Boyd "secured" compensation insurance for Doubleday within the meaning of the Act.

Whether *Doubleday* applies to this case depends on the answer to two questions: (1) did Sun Oil require Mississippi Welding to have workmen's compensation insurance for the protection of its employees, and (2) is Sun Oil a contractor and is Mississippi Welding a subcontractor within the meaning of *Doubleday* so as to make Nations a statutory employee of Sun Oil under Mississippi law. If Sun Oil was a contractor that required its subcontractor Mississippi Welding to protect its employees by providing workmen's compensation protection then *Doubleday* bars this tort action by Nations against Sun Oil.

The contract between Sun Oil and Mississippi Welding stated that Mississippi Welding should provide workmen's compensation insurance "if [it was] applicable." The only logical reading of "if applicable" would require Mississippi Welding to carry workmen's compensation insurance under Miss. Code Ann. § 71–3–5 if it is an employer of eight or more persons.[1] Under this meaning Sun Oil plainly required that compensation insurance be carried by Mississippi Welding.

■ The test of *Doubleday*'s application to today's case, therefore, narrows to determining whether Sun Oil is a general contractor and Mississippi Welding is a subcontractor. Under Mississippi law, a subcontractor "is one who enters into a contract, express or implied, for performance of an act with a person who has already contracted for its performance, or who takes a portion of a contract from the principal or prime contractor." *Rodgers v. Phillips Lumber Co.,* 241 Miss. 590, 593, 130 So.2d 856, 857 (1961). The fact that the contract involved in this case characterizes Mississippi Welding as an independent contractor is not critical because an independent contractor may be a subcontractor for the purposes of workmen's compensation. *Corban v. Skelly Oil Co.,* 256 F.2d 775, 779 (5th Cir. 1958).

■ Our ability to determine whether Mississippi Welding is a subcontractor is thwarted by an incomplete record. The controlling fact is Sun Oil's relationship to the property and minerals at the G.L. Dean Well Site. The record offers no proof of that relationship. Prior to oral argument, Sun Oil asserted in this court that it was the lessee of the mineral rights at the site. If this statement is corroborated or conceded, that may be sufficient to make Missis-

---

1. The statute has been amended since this accident lowering the number of employees required from eight to five.

sippi Welding a subcontractor, for the lease of mineral rights carries an implied covenant that the lessee will exercise the duty of a prudent operator to develop leased minerals. *Wells v. Continental Oil Co.,* 244 Miss. 509, 142 So.2d 215, 221 (1962). If Sun Oil undertook this duty then the contract between Sun Oil and Mississippi Welding would be a subcontract in which Mississippi Welding contracted to perform a portion of the activity Sun Oil was already contractually obligated to perform. If, however, Sun Oil's relationship to the property is different, it may not be able to claim it is contractually bound to develop the minerals on the property. If that is true, and assuming no other contract relationship to the work be shown, Mississippi Welding might not be a subcontractor that had assumed duties which Sun Oil was already obligated to perform.

Therefore, we vacate the district court decision and remand for a determination of whether Sun Oil was the lessee of the mineral rights and whether Mississippi Welding was a subcontractor. Since the case must go back to the trial court for further proceedings, the interests of justice require that we consider other issues raised on the present appeal.

## IV. Offensive Collateral Estoppel

■ Sun Oil asserts that the district court improperly used offensive collateral estoppel to bar trial of the liability issue. We disagree. Should the district court find that Sun Oil was not a statutory employer immune from tort suit, it need only deal with the issue of damages, for the district court properly decided the liability issue.

The party asserting collateral estoppel must show:

(1) That the issue to be precluded is identical to the one involved in the prior litigation involving the party against whom estoppel is asserted;

(2) That the issue was actually litigated and determined adversely to that party in the prior litigation; and,

(3) That the determination of the issue was a critical and necessary part of the judgment in that prior action.

*Rufenacht v. Iowa Beef Processors, Inc.,* 656 F.2d 198, 202 (5th Cir.1981), *cert. denied,* 455 U.S. 921, 102 S.Ct. 1279, 71 L.Ed.2d 462 (1982). The issue sought to be precluded in this case is whether Sun Oil was negligent. The jury in the previous cases found Sun Oil to be negligent, and cleared Mississippi Welding of any blame. Therefore, Nations, whose only association with the well site was in the course and scope of his job as a Mississippi Welding employee, could not have been negligent. The negligence issue was actually litigated in the prior action as part of the third party action asserted by Sun Oil. It was a critical and necessary finding because the jury had to assess negligence to award damages.

■ The appellant argues that Nations "sand-bagged" Sun Oil by delaying the filing of his case until the resolution of the prior wrongful death cases. There is no proof of purposeful delay. Nations was entitled to await the development of his injuries and their predictable consequences. Even if Nations intentionally delayed for a period less than permitted by Mississippi's statute of limitation, such action was not shown to be fundamentally unfair. Sun Oil had a full, fair and complete opportunity to litigate the negligence issue during the Howell and Falcone trials. They have no right to a second bite at the apple.

## V. Conflicting Instructions

Sun Oil also asserts that the district judge erred by responding to two questions from the jury during its deliberations on damages without notifying counsel and by offering conflicting responses.

■ When the jury submits a question to the judge, counsel should be informed of its substance and be afforded an opportunity to be heard before the answer is given. *Rogers v. United States,* 422 U.S. 35, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975); *United States v. McDuffie,* 542 F.2d 236, 241 (5th Cir.1976). However, the court in *McDuffie* acknowledged that this type of judicial error may be harmless. *Id.* This

court later expanded on the harmless error exception in *United States v. Breedlove,* 576 F.2d 57 (5th Cir.1978). In *Breedlove,* the court stated that it does not approve of situations where a trial judge responds to a jury question without notifying counsel. However, when this happens, the action may be gauged harmless if the judge's answer was distinctly responsive to the jury's inquiry, clearly stated the law and no prejudice is shown. *Id.* at 60. The judge's answers here were clearly responsive, so the issues are whether they clearly stated the law and whether they were prejudicial.

The jury sent two questions to the district judge. The first asked, "Do we have to discount our figure to Rule 12 before we submit our final figures." The judge responded "Yes." Both parties agree that this first answer was correct. The jury later wrote: "Need an explanation as to how to arrive at this figure. We have agreed on a figure for full compensation. Do we need to discount this figure." The judge responded "No."

 The judge's response to the first question was consonant with his jury instruction and controlling case law. The jury was instructed to compensate the plaintiff for any monetary loss occurring in the future, but also further instructed to reduce that lump sum to its present cash value. This is in accord with our holding in *Johnson v. Penrod Drilling Co.,* 510 F.2d 234 (5th Cir.1975) (en banc).[2] To this Sun Oil agrees. It argues though that the judge's response to the second question was contradictory and erroneous. We agree. The second response could reasonably be construed to tell the jury not to discount its award of full compensation. That is contrary to the jury instructions, the answer to the first jury question and the law in this circuit. At a minimum it is the sort of question which absolutely required the district judge to confer with counsel before answering as he did. Because the jury may have reached a full compensation figure

2. *Penrod* was controlling at the time of this trial and it remains controlling since the mandate has yet to be issued in *Culver v. Slater*

and then did not discount it to present value in compliance with the judge's answer, prejudice is obvious.

## VI. The Interrogatories and the Claims Supervisor

 Sun Oil contends that the judge's refusal to compel answers to interrogatories was erroneous. The judge's order provided that the Nations need not identify the names of expert witnesses to be called at trial. Sun Oil contends this was reversible error. Nations argues that the judge made the order because Sun Oil violated the trial court's local rule on the number of questions allowed in interrogatories. The trial judge has broad discretion in the control of discovery, *Scroggins v. Air Cargo, Inc.,* 534 F.2d 1124, 1133 (5th Cir. 1976), and while the judge's unexplained actions here were highly unusual, they do not constitute an abuse of discretion, given the close connection between this case and the previous Howell and Falcone actions.

 Sun Oil's final assignment of error asserts the judge should not have allowed the Home Insurance Company claims supervisor to testify. The witness testified as to the amount of Nations' compensation benefits and that medical expenses incurred were reasonable and necessary. Under Mississippi law, it is error for a trial court to allow counsel for an intervenor to introduce as a full exhibit the complete Workmen's Compensation Commission file on an employee's claim for compensation. *Merchants Co. v. Hutchinson,* 199 So.2d 813, 817 (Miss.1967). Even though the entire file was not admitted into evidence here, the testimony of the claims supervisor as to the amount of benefits and expenses paid violates the spirit of the *Hutchinson* decision. However, Sun Oil has failed to show that it was prejudicial. The error is therefore harmless and not grounds for reversal. Federal Rule of Civil Procedure 61. If the damages section of the case is retried, the district judge should not allow the claims supervisor to testify.

*Boat Co.,* 688 F.2d 280 (5th Cir.1982) (en banc), which overturns *Penrod.* Doubtless, *Culver* will govern if retrial is necessary.

## VII. Conclusion

The district court is directed to conduct such further proceedings as may be necessary to find whether Mississippi Welding was a subcontractor of Sun Oil. If the company is such a subcontractor, the district court shall dismiss the action. If the company is found not to be a subcontractor of Sun Oil, then the district court is directed to retry the damage portion of the case in accordance with this opinion.

VACATED AND REMANDED.