**Raymond D. LOUVIERE and Mrs. Raymond D. Louviere**

v.

**SHELL OIL COMPANY, et al.**

**Charles J. MARTINEZ**

v.

**SHELL OIL COMPANY, et al.**

**Civ. A. Nos. 73–534, 76–1169.**

United States District Court, E.D. Louisiana.

July 20, 1984.

Aubrey E. Denton, Shelton & Legendre, Lafayette, La., for plaintiffs.

Patrick T. Caffery, Caffery, Oubre, Dugas & Campbell, New Iberia, La., John O. Charrier, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Margot Mazeau, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for defendants.

## MEMORANDUM OPINION

MENTZ, District Judge.

The plaintiffs, Raymond D. Louviere and Charles J. Martinez, and defendants, Shell Oil Company ("Shell") and Texstream Cor-

poration ("Texstream"), have all brought motions for summary judgment seeking to invoke the doctrine of offensive collateral estoppel in view of the federal district court decision in *Olsen v. Shell Oil Co.* following the remand in *Olsen II*. *See Olsen v. Shell Oil Co.*, 561 F.2d 1178 (5th Cir.1977) *(Olsen I); Olsen v. Shell Oil Co.*, 595 F.2d 1099 (5th Cir.1979) *(Olsen II); Olsen v. Shell Oil Co.*, 708 F.2d 976 (5th Cir.1983) *(Olsen III)*. Defendant, Teledyne Movible Offshore, Inc. ("Movible") opposes the motion.

■ A threshold question which this Court must address is whether federal or state principles of issue preclusion are to be applied in this case. Movible contends that Louisiana law should apply because this lawsuit arises out of an explosion which occurred on a fixed platform located more than three miles off the Louisiana coastline. While the Outer Continental Shelf Lands Act does provide that the law of the adjacent state is to be applied to fixed structures erected on the Outer Continental Shelf unless it is found to be inconsistent with federal law, the Court believes federal law should be used to determine the significance to be given to a prior federal judgment in a later federal case. *United States v. Monkey*, 725 F.2d 1007, 1010 (5th Cir.1984); *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 718 (5th Cir.1975). After all, as Judge Rubin noted recently, "[C]omity is not a one way street." *McGee v. Estelle*, 722 F.2d 1206 (5th Cir.1984) (en banc) quoting from *Thompson v. Wainwright*, 714 F.2d 1495, 1509 (11th Cir.1983).

■ Collateral estoppel can be used to prevent relitigation of issues previously decided by an earlier court only when the following prerequisites have been met:

(1) The issues at stake in the present action must be identical to those involved in the prior action;

(2) The issues must have been actually litigated in the prior action; and

(3) The determination of the issues in the prior action must have been a critical

and necessary part of the judgment in that earlier action.

*United States v. Monkey*, 725 F.2d at 1010; *Wehling v. Columbia Broadcasting System*, 721 F.2d 506, 508 (5th Cir.1983); *Nations v. Sun Oil Co.*, 695 F.2d 933, 938 (5th Cir.1983). There can be little dispute that the issues at stake in this suit are identical to those in the *Olsen* case. The injuries in this lawsuit, as in *Olsen*, arise out of a common occurrence, namely the explosion of an electric hot water heater on a fixed offshore platform. All the defendants in the instant litigation were defendants in *Olsen*. The liability of each defendant was fully and fairly litigated in *Olsen*. Finally, the indemnity agreement wherein Movible contracted to indemnify Shell for its liability arising from injuries sustained due to the negligence of Movible was found to be valid and enforceable in *Olsen*. This same indemnity agreement is at issue here. Obviously, the prior determination of the liability and indemnity issues in *Olsen* were critical and necessary to the *Olsen* decision. *See Olsen II*, 595 F.2d 1099. Accordingly, the Court holds that the application of the collateral estoppel doctrine would be appropriate here.

■ The offensive use of collateral estoppel, however, raises additional considerations that the Court must weigh before allowing its application. The offensive use of collateral estoppel occurs when a plaintiff seeks to preclude a defendant from relitigating issues the defendant has previously litigated unsuccessfully in an earlier action. The Supreme Court in *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) has identified four conditions that must be satisfied before the doctrine can be applied in a particular case. The four prerequisites are:

(1) the party asserting collateral estoppel could not easily have joined in the action relied on;

(2) the party against whom collateral estoppel is being asserted had the incentive to defend the first action vigorously;

98

(3) the judgment relied on is not inconsistent with any previous decisions; and

(4) there are no procedural opportunities in the second action which were unavailable in the first action which might be likely to cause a different result.

*Parklane Hosiery Co.*, 439 U.S. at 331–32, 99 S.Ct. at 651–52, 58 L.Ed.2d at 562–63; *Sun Towers, Inc. v. Heckler*, 725 F.2d 315, 322, n. 7 (5th Cir.1984). There is no serious dispute that conditions two, three, and four have been met. But with respect to condition one, Movible contends that both Louviere and Martinez have failed to show that they could not have easily joined in the *Olsen* case. To the contrary, however, plaintiffs' counsel has demonstrated that the procedural histories of the *Louviere* and *Olsen* cases would have made consolidation difficult and most impractical. Moreover, the record is devoid of any evidence of purposeful delay or attempted gamesmanship on the part of the plaintiffs. In fact, the Louisiana Supreme Court has already held that the plaintiffs filed their lawsuits within the prescriptive period permitted by Louisiana law. *Louviere v. Shell Oil Co.*, 720 F.2d 1403 (5th Cir.1983). And even if the delay was intentional, it cannot be said that such delay would automatically preclude the plaintiffs' offensive use of collateral estoppel. There would also have to be a showing that its use would be fundamentally unfair to Movible. *Nations*, 695 F.2d at 938. Such a showing has not nor could it be made. Movible had a full, fair and complete opportunity to litigate the liability and indemnity issues during the *Olsen* trial and appeal. It has no right to rehash those very same issues again, fourteen years after the events that gave rise to this lawsuit took place.

Accordingly, IT IS ORDERED that the motions for summary judgment brought on behalf of the plaintiffs, Raymond D. Louviere and Charles J. Martinez, and Texsteam Corporation be and they are hereby GRANTED. IT IS FURTHER ORDERED that Teledyne Movible Offshore, Inc.'s motion for reconsideration of the Court's ruling on the motion for summary judgment brought on behalf of Shell Oil Company be and it is hereby DENIED.