UNITED STATES of America, Plaintiff,

v.

Edwin HERNANDEZ FAVALE,
Defendant.

Criminal No. 96–070(PG).

United States District Court,
D. Puerto Rico.

Feb. 21, 1997.

Antonio R. Bazán, Asst. U.S. Attorney, Hato Rey, PR, for plaintiff.

Laura Maldonado, Asst. Federal Public Defender, Hato Rey, PR, for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

The matter before the Court is defendant Edwin Hernández Favale's motion for new trial (Dkt. # 77). The government filed an omnibus reply to defendant's motion (Dkt. # 78). Hernández Favale filed a response to the government's reply (Dkt. # 79).

After a jury trial, Hernández Favale was found guilty of count three of the indictment, possession of a firearm, he being a previously convicted felon. 18 U.S.C. § 922(g)(1). Sentence was imposed under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Defendant now claims that an order should be entered setting aside the verdict and ordering a new trial grounded on the undersigned's handling of a note from the jury.

### Background

On December 2, 1996, the Court delivered its charge to the jury. The jury retired to deliberate. The Court instructed counsel to be available. The Court specifically advised counsel that it would wait only for ten minutes for counsel to appear before the undersigned once informed that a note had been received from the jury. Sometime later defense counsel informed that she would be in the visiting judge's courtroom, representing a defendant in an arraignment proceeding

before U.S. Magistrate Judge Castellanos. At approximately 1:50 P.M. the deliberating jury sent the judge a note requesting the definition for possession of a firearm in relation to the third count. Defense counsel was summoned on three occasions by Court Security Officer (CSO) Carlos Pérez to appear at the judge's chambers. More than twenty minutes elapsed and defense counsel did not appear although she had been summoned. The Court then provided copy of the requested instruction with a note to the effect that the copy of the instruction on possession was the same one that had been given to the jury in the morning (Dkt # 70). When defense counsel arrived at the judge's chambers, she was informed by counsel for the government that the note had been answered and delivered to the jury. No exception was voiced by defendant's counsel, and she went back to the arraignment proceedings before the magistrate judge. Approximately thirty minutes later the jury sent a second note informing there was a verdict.

### The Error

■ The Court acknowledges and is aware of the First Circuit's precedent as to the handling of a deliberating jury note. "Messages from a deliberating jury, pertaining to ongoing deliberations ought to be fully disclosed to the lawyers when received, so that the latter may be heard before the judge implements a course of action." *United States v. Parent*, 954 F.2d 23, 25 (1st Cir. 1992), citing *United States v. Maraj*, 947 F.2d 520 (1st Cir.1991). When the Court received the jury's note defendant's counsel was summoned three times by CSO Carlos Pérez to appear at the judge's chambers, and thus she was given the opportunity to be present and to be heard.

■ However, even assuming that the Court committed an error in answering the note from the jury, the error is harmless. *United States v. Parent, supra*, at 25 ("a trial court's error in failing seasonably to inform counsel about a jury note does not require reversal if the error is benign").

The standard for measuring harmless error when a trial court fails to inform counsel about a jury note has not been visited in the

First Circuit opinions. *Id.,* at 25, n. 5; *Maraj,* 947 F.2d at 526. However, under either standard, the verdict must stand. The stricter standard requires that the defendant prove beyond a reasonable doubt that the error did not influence the verdict.

■ To establish a violation of 18 U.S.C. § 922(g)(1) the government must prove beyond a reasonable doubt that: (1) Hernández Favale was previously convicted of an offense punishable by imprisonment for a term exceeding one year; and (2) that he knowingly possessed a firearm in or affecting interstate commerce. *See United States v. Wight,* 968 F.2d 1393, 1397 (1st Cir.1992) and cases cited therein. The parties stipulated that Hernández Favale was a convicted felon, and he does not challenge the firearm's relationship to interstate commerce. Therefore, the issue before the jury was whether Hernández Favale knowingly possessed a firearm. Possession may be actual or constructive. "Both actual possession and constructive possession may be proved by direct or circumstantial evidence. It is not necessary that such evidence remove every reasonable hypothesis except that of guilt." *United States v. Lloyd,* 71 F.3d 1256, 1267 (7th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 2511, 135 L.Ed.2d 200 (1996), citing *United States v. Garrett,* 903 F.2d 1105, 1110 (7th Cir.), *cert. denied,* 498 U.S. 905, 111 S.Ct. 272, 112 L.Ed.2d 227 (1990); *see also United States v. Akinola,* 985 F.2d 1105, 1109 (1st Cir.1993); *United States v. Ellzey,* 874 F.2d 324, 328 (6th Cir.1989).

Defendant alleges that his counsel's intervention would have been productive by bringing to the attention of the Court that the government could not allege constructive possession as to the nickel plated gun used by the assailant to assault the victim on January 30, 1996, because the government never alleged that there was another person on January 30, 1996, nor could the government allege that the weapon had been found during Mr. Hernández Favale's arrest. Defendant claims that he would have requested an amendment to the instruction. (*See* Defendant's Response, p. 2, ¶¶ 9 & 10). The government used the term constructive possession when arguing about the victim's (Mr.

Lado) gun and Hernández Favale's arrest. The government never alleged constructive possession by Hernández Favale of the nickel plated gun or that the gun had been found during his arrest.

Proof that a defendant possessed a firearm may be established solely by eye witness testimony where the gun is not recovered or introduced at trial. *United States v. Anderson*, 78 F.3d 420 (8th Cir.1996), citing as e.g. *United States v. Smith*, 49 F.3d 475, 478 (8th Cir.1995) (testimony of one eyewitness adequately established unlawful possession of a firearm); *United States v. Jones*, 16 F.3d 487, 490 (2nd Cir.1994) (although eyewitnesses were unfamiliar with the unrecovered gun and had not observed it at close range, their testimony was sufficient to support a jury finding that object defendant displayed was a firearm for purposes of section 922(g)(1)); *United States v. Buggs*, 904 F.2d 1070, 1076 (7th Cir.1990) ("fact that the gun was not produced at trial or that the witnesses did not have an opportunity to examine closely the weapon does not prevent conviction of a firearm offense").

Circumstantial evidence in the testimony of Mr. Lado was presented to show that Hernández Favale had possession of a firearm (the nickel plated gun) when he assaulted Mr. Lado. The constructive possession of Mr. Lado's gun by Hernández Favale was used to link Hernández Favale to the assault on January 30, 1996.

The nature of the instruction given by the Court was not prejudicial. It concerned the meaning of possession, and the instruction provided an accurate description of the law in exact conformity with the Court's prior instruction to which counsel had agreed to prior to deliberations and which was given in the presence of defendant and his counsel. *United States v. Pressley*, 100 F.3d 57, 61 (7th Cir.1996). *See, e.g., United States v. Dockter*, 58 F.3d 1284, 1288 (8th Cir.1995), *cert. denied, Shulze v. United States, —— U.S. ——*, 116 S.Ct. 932, 133 L.Ed.2d 859 (1996); *United States v. Breedlove*, 576 F.2d 57, 59–60 (5th Cir.1978) (if judge's answer to the jury's inquiries is distinctly responsive to the question and clearly states the law, and if no prejudice is shown, the violation of Rule 43 is harmless). The Court must assume that the jury followed the instructions. *See United States v. Fregoso*, 60 F.3d 1314, 1328 (8th Cir.1995) (jury is presumed to have followed jury's instructions).

There is *nothing in the record* of this case that suggests that the Court's submission of the instruction to the jury was in any way unfair or prejudicial to Hernández Favale. This conclusion of harmless error is confirmed by the failure of defendant, through his counsel, to raise any objection until after the verdict. Had it appeared to defendant's counsel that the Court's action involved any prejudice, she would have objected promptly and not raised them tardily after the verdict. *See United States v. Arriagada*, 451 F.2d 487 (4th Cir.1971), *cert. denied*, 405 U.S. 1018, 92 S.Ct. 1300, 31 L.Ed.2d 481 (1972).

For the above reasons, defendant Hernández Favale's motion for new trial is hereby **DENIED.**

**IT IS SO ORDERED.**