UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

00-50296
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

                    v.

JOHNNY ALBERT MARTINEZ, also known as Red Rider,

                                    Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
(W-99-CV-264 & W-95-CR-7-11)
_____
September 21, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

       Johnny Albert Martinez, together with numerous codefendants,
was charged with conspiracy to possess marijuana with intent to
distribute and with possession of marijuana with intent to
distribute.  A jury found Martinez guilty of the conspiracy charge
and not guilty of the substantive offense.  The district court
sentenced Martinez to a term of 151 months of imprisonment and a

_____

       [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

five-year term of supervised release. This Court affirmed his conviction on direct appeal. *See United States v. Cortinas*, 142 F.3d 242 (5th Cir. 1998).

Subsequently, Martinez filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the district court. After the government had responded, Martinez filed a reply brief in which he raised for the first time the claim of denial of counsel at a critical stage of the proceedings. The district court denied relief without addressing the newly argued claim.

Martinez filed a notice of appeal and application for a certificate of appealability (COA). The district court denied a COA. Martinez subsequently requested a COA of this Court. Ultimately, we granted a COA on the following issues: (1) whether the district court erred in failing to address Martinez's reply brief as an implicit motion for leave to amend his § 2255 motion; (2) whether Martinez is procedurally barred from raising his claim that counsel was absent at a critical stage because he had not raised the issue on direct appeal; and (3) whether Martinez has set forth a valid claim of denial of counsel.

ANALYSIS

Martinez claims that because his counsel was not present when the district court responded to a note from the jury, he was denied the assistance of counsel at a critical stage, and thus prejudice

should be presumed.[1]  Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and which would, if condoned, result in a complete miscarriage of justice. *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir. 1992).  In reviewing the district court's denial of relief, this Court examines the factual findings for clear error and conclusions of law *de novo.  United States v. Faubion,* 19 F.3d 226, 228 (5th Cir. 1994).

Martinez's convictions are related to a drug-smuggling organization headed by Daniel Nieto.  During its deliberations, the jury requested a copy of the transcript of Nieto's testimony.  The district court noted that although the attorneys had been instructed to provide a telephone number, the court was unable to contact three attorneys, including Martinez's lawyer.  Four attorneys were present in the courtroom.  After receiving no objection from those attorneys, the district court advised the jury that it could provide a transcript only if needed to answer a very specific question and that the jury should try to frame a question "as carefully as you can."  The court also informed the jury that

---

[1]    Martinez asserts that the district court erred in denying his implicit motion to amend his complaint with the issue of denial of counsel.  Additionally, the government argues that this claim is procedurally barred.  Because we conclude that Martinez's denial of counsel claim fails on the merits, we do not reach the arguments with respect to amending the complaint and procedural bar.

it would probably take several hours for the testimony to be transcribed.  The jury apparently made no further requests.

Citing *United States v. Cronic,* 466 U.S. 656, 104 S.Ct. 2039 (1984), Martinez asserts that because he was denied counsel during a critical stage, he is entitled to relief without a showing of prejudice.  Recently, we have explained "that the Sixth Amendment principle animating Cronic's presumption of prejudice is the fundamental idea that a defendant must have the actual assistance of counsel at every critical stage of a criminal proceeding for the court's reliance on the fairness of that proceeding to be justified." *Burdine v. Johnson,* 2001 WL 914267, *9 (5th Cir. Aug. 13, 2001) (en banc).  Although *Cronic* did not provide much guidance with respect to what parts of a trial are "critical," this Court had gleaned the following criteria:

> First, there must be a denial of such significance that it makes the adversary process itself unreliable.  [citation omitted].  Second, the *Cronic* court makes clear that "only when surrounding circumstances justify a presumption of ineffectiveness can a Sixth Amendment claim be sufficient without inquiry into counsel's actual performance at trial."

*United States v. Russell,* 205 F.3d 768, 772 (5th Cir. 2000) (quoting *Cronic*, 466 U.S. at 659, 662, 104 S.Ct. at 2047, 2048).

We are wholly unpersuaded that counsel's absence under the above-described circumstances either constituted a denial of such significance that it made the adversary process itself unreliable

4

or that the surrounding circumstances justify a presumption of ineffectiveness without examining counsel's actual performance.

No evidence was introduced to the jury. *Cf. Burdine*, 2001 WL 914267, *9 (holding that counsel's repeated unconsciousness through not insubstantial portions of the critical guilt-innocence phase while evidence was being introduced against petitioner warranted a presumption of prejudice); *United States v. Russell,* 205 F.3d 768, 772 (5th Cir. 2000) (finding a critical stage based on counsel's two-day absence during which the government presented evidence that "inferentially increased the taint of guilt" of the defendant). Further, we discern no other circumstance surrounding counsel's brief absence that would render the adversary process unreliable.

Indeed, the record reveals precisely what occurred during the brief, finite time counsel was absent. The jury's note provided as follows: "Could we have a copy of the transcript of Daniel Nieto's testimony?" After inquiring whether any of the attorneys present had an objection, the district court instructed the jury:

> Ladies and Gentlemen:
> We are only able to supply a transcript of testimony if it is necessary to assist you in answering a very specific question about a witness' testimony. If you have such a question, please frame it as carefully as you can. Also, you should be aware that it will in all likelihood take several hours for the Court Reporter to locate the testimony and transcribe it.

In sum, the jury asked to see some evidence, the court instructed them under what circumstances such evidence would be

available, and the jury never made any further attempt to obtain the evidence.  Unlike other situations in which the Supreme Court has found no prejudice need be shown,[2] the circumstances in the case at bar are not "so likely to prejudice the accused that the cost of litigating their effect . . . is unjustified." *Cronic,* 466 U.S. at 658, 104 S.Ct. at 2046.  Accordingly, Martinez has failed to show that his case falls "within that narrow spectrum of cases described in *Cronic.*"  *Craker v. McCotter,* 805 F.2d 538, 542 (5th Cir. 1986).[3]

For the above reasons, the district court's judgment is AFFIRMED.

---

[2]  *Cf. Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55 (1932) (appointment of unprepared counsel on day of trial to represent defendants charged with atrocious crime); *Geders v. United States,* 425 U.S. 80, 96 S.Ct. 1330 (1976) (court order preventing defendant from consulting his attorney during a 17-hour overnight trial recess between defendant's direct and cross-examination); *Herring v. New York,* 422 U.S. 853, 95 S.Ct. 2550 (1975) (statute granting judge in a nonjury criminal trial the power to deny counsel the opportunity to deliver a summation).

[3]  In *United States v. Brooks,* 786 F.2d 638 (5th Cir. 1986), the appellant argued that the district court erred in responding to a jury's request for evidence when he and his counsel were absent. It appears this complaint was not based on a denial of counsel under *Cronic,* but rather a violation of Rule 43 of the Federal Rules of Criminal Procedure, which requires the presence of the defendant "at every stage of the trial."  We found the error harmless because the following requirements had been met: (1) the judge had been distinctly responsive to the inquiry; (2) the response had clearly stated the law; and (3) the defendant had not shown any prejudice.  *Brooks,* 786 F.2d at 643 (citing *united States v. Breedlove,* 576 F.2d 57, 60 (5th Cir. 1978)).